[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE HABEAS CORPUS
The petitioner Bruce Felder brings this action challenging his confinement in the custody of the Commissioner of Correction, of whom the defendant warden is an employee and agent. The petitioner was convicted by jury trial in 1994 of four counts each of robbery and larceny. On March 11, 1994, the court sentenced the petitioner to a total effective sentence of fourteen years. His conviction was upheld on appeal. State v.Felder, 39 Conn. App. 840, cert. den., 236 Conn. 904 (1995).
The petitioner alleges in this habeas corpus proceeding that he received ineffective assistance of trial counsel. Specifically, the petitioner alleges that trial counsel failed to properly challenge a venireperson who was eventually seated as a juror; failed to properly investigate the case; and failed to properly defend petitioner during the trial phase. For reasons set forth below, the court finds each of these allegations to be without merit.
During the process of jury selection, the petitioner and trial counsel sat next to one another at counsel table and conferred on the selection of each venireperson. As to one individual, Ms. Monaghan, they disagreed. Trial counsel advised that she be accepted; petitioner wanted her excused. When trial counsel accepted her anyway, petitioner addressed the judge directly. The petitioner stated his disagreement and expressed a desire to discharge his trial counsel and retain new counsel. The trial CT Page 538 court continued the case for several days to allow the petitioner and his father to investigate the possibility of retaining new counsel. When the trial was reconvened, the petitioner elected to continue with trial counsel. Ms. Monaghan was seated as a juror.
During the process of jury deliberation, it came to the attention of the parties and the court that Ms. Monaghan had brought into the jury room a baseball hat. Evidence in the trial was that the perpetrator wore such a hat, giving rise to the question of how well his face could have been seen if the cap shaded his face. After a discussion on the record, the court instructed the jurors that they could not use the baseball cap, which was not evidence, as a factor in their deliberations; and the cap was removed from the jury room. Petitioner's trial counsel declined to move for a mistrial because counsel regarded the baseball cap incident as a sign that the jury, and in particular Ms. Monaghan, took seriously the petitioner's argument that the victims could not have gotten a good look at the perpetrator.
This court finds that trial counsel's decisions to accept the venireperson as a juror and to decline to move for a mistrial were decisions that were well within the bounds of sound trial strategy about which counsel is entitled to exercise his judgment. Johnson v. Commissioner, 222 Conn. 87, 96-97 (1992); see, I ABA Standards for Criminal Justice, 2d Ed. (1986), Standard 4-5.2.
The other grounds for this habeas corpus petition are a failure to investigate and a failure to present a defense. The evidence before this court shows that trial counsel, on his own or through an investigator, learned about the scene of the crime, interviewed at least one of the victims, interviewed the petitioner's girlfriend regarding a claimed alibi, interviewed a family member of the petitioner who was a witness for petitioner at trial, and otherwise prepared fully for trial. There is no evidence that any part of the investigatory phase of trial counsel's representation was in any way deficient.
As to the failure to present an adequate defense, the case hinged on the identification of the petitioner as the perpetrator of the robbery of four persons who claimed they became lost while driving in a high crime area of Hartford. All four later identified a photo of the petitioner as the man of whom they had CT Page 539 asked directions, who had pulled a gun, stolen their money and jewelry, and driven away in their car. Trial counsel filed a motion to suppress the photo identification. Trial counsel presented evidence to the trial court about what the petitioner claimed was the impermissibly suggestive nature of the identification procedure. The trial court considered this claim and rejected it, a ruling that was affirmed on appeal.
At the trial before the jury, trial counsel once again presented the evidence from which the jury could have concluded that the identification of the perpetrator by the victims was flawed. Counsel highlighted discrepancies in the witness's accounts of the incident. Trial counsel presented the petitioner's brother as a witness on the issue of the difference between the petitioner's hairstyle and voice at the time of the incident from that described by the victims. The petitioner himself elected not to testify; and his girlfriend disavowed a previous alibi statement and was not called as a witness.
Nothing has been presented to this court that even remotely suggests that trial counsel's representation of petitioner during the trial phase was inadequate.
This court finds that the petitioner has failed to meet his burden of proving either that trial counsel's performance was deficient or that any prejudice resulted from the alleged ineffective performance. See Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the petition is dismissed.
Patty Jenkins Pittman Judge of the Superior Court